89 F.3d 838
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Ronald Lee LERCH and Dalene Ann Lerch, Plaintiffs-Appellants,
v.
R. David BOYER, Steven J. Ouellette, C. David Peebles, J.
Philip Klingeberger, and United States Bankruptcy
Court Northern District of Indiana,
Defendants-Appellees.
 No. 95-3103.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 17, 1996.*
Decided April 30, 1996.
 
 Before CUMMINGS, BAUER and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 The Lerches have repeatedly attempted to forestall paying their delinquent tax obligations, first by filing a bankruptcy petition to stay the tax court proceedings in which the IRS claimed they owed substantial taxes and penalties, and then, after the bankruptcy court lifted its stay, by asserting constitutional and conspiracy claims against the defendants in the United States district court and by asking the district court and now this court to stay the bankruptcy court proceeding until the Lerches fully litigate their constitutional and conspiracy claims. The appeal currently before this court stems from the Lerches' timely notice of appeal from the district court's order denying their motion seeking a preliminary injunction to stay the bankruptcy proceedings. However, their brief takes issue with an entirely different subject matter. They argue that the district court erred when Judge Sharp refused to recuse himself from their case. This issue was recently the subject of another appeal, docketed as No. 95-3453, that this court dismissed for lack of jurisdiction by order issued on February 15, 1996. The Lerches cannot avoid this ruling by litigating this issue here. We may only consider the ruling from which the Lerches appealed, the denial of their motion for a preliminary injunction.
 
 
 2
 The Lerches do not make any arguments in regard to the denial of their motion for a preliminary injunction, as they must under Fed.R.Civ.P. 28(a)(6), as well as under Circuit Rule 28. Moreover, they present no jurisdictional statement, no statement of the issue presented, and no statement of relevant facts. Indeed, they do not claim that the district court used an incorrect legal standard or that the court misapplied the legal standard when it denied their motion seeking a preliminary injunction. Such blatant noncompliance with Fed.R.App.P. 28(a)(6) and Circuit Rule 28 clearly warrants our dismissal of this appeal. See Pelfresne v. Village of Williams Bay, 917 F.2d 1017, 1023 (7th Cir.1990) ("[A] litigant who fails to press a point by supporting it with pertinent authority, or by showing why it is sound despite a lack of supporting authority or in the face of contrary authority, forfeits the point."; Patrick v. Jasper Co., 901 F.2d at 561, 566 (7th Cir.1990) ("It is not the obligation of this court to research and construct the legal arguments for the parties"). Accordingly, we dismiss this appeal.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that the parties could file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement has been filed. Accordingly, we review this appeal based on the record and appellate briefs